<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MARIE CONSERVE, et al.,

      Plaintiffs,

v.

CITY OF ORANGE TOWNSHIP, et al.,

      Defendants.

Civil Action No: 21-872 (SDW)(ESK)

**OPINION**

August 9, 2021

**WIGENTON**, District Judge.

   Before this Court are: 1) Defendants Rudolph Simmonds, Milton Mendoza, and Richard Adrianzen's[1] Motion to Dismiss; 2) Defendant Denise Banks' Partial Motion to Dismiss and Motion to Strike; and 3) Defendants Nicholas Reda, Edward Hall, Kevin Demasi, Keenan Rogers, and Hector Rosado's Partial Motion to Dismiss and Motion to Strike Plaintiff Marie Conserve's ("Plaintiff")[2] Corrected Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and (f).  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument

---

[1] This Defendant is identified in the Complaint as "Adrienza."  In the motion papers filed in support of this officer's motion to dismiss, his counsel refers to him as "Andrianzen," (D.E. 29 at 1), and "Adrianzen," (D.E. 18-2).  For purposes of this Opinion, this Court refers to this defendant as "Adrianzen."

[2] Plaintiff Conserve brings suit on behalf of herself and her six minor children A.N., J.N., L.D., L.D., L.D., and H.D. For ease of reference, this Court refers to plaintiffs in the singular unless otherwise required.

1

pursuant to Rule 78.  For the reasons stated herein, the motions are **GRANTED in part** and **DENIED in part**.

## I.      BACKGROUND AND PROCEDURAL HISTORY[3]

Plaintiff is a resident of Orange, New Jersey, where she lives with her significant other Louis Dessources ("Dessources") and her minor children.  (D.E. 2 at 6 ¶¶ 1-2, at 8 ¶ 8, at 10-11 ¶¶ 19-25, at 13 ¶ 32.)  Defendants Rudolph Simmonds ("Simmonds"), Milton Mendoza ("Mendoza"), Richard Adrianzen ("Adrianzen"), Denise Banks ("Banks"), Nicholas Reda ("Reda"), Edward Hall ("Hall"), Kevin Demasi ("Demasi"), Keenan Rogers ("Rogers"), and Hector Rosado ("Rosado") (collectively, "Officer Defendants") are officers employed by the Orange Police Department.  (*Id.* at 3 ¶ 2.)[4]

On September 8, 2019 ("September 8th"), Plaintiff alleges that Simmonds, Mendoza, and Adrianzen "trespass[ed] on her premises . . . and physically beat, attack[ed], punch[ed], assault[ed] [and] batter[ed]" Dessources, causing her and her children "severe emotional distress."  (*Id.* at 6 ¶ 2.)  The Complaint contains no other factual allegations regarding these three defendants.

On June 24, 2020 ("June 24th"), at approximately 10:40 p.m., when responding to a noise complaint in her neighborhood, Plaintiff alleges that Officers Reda, Rosado, Banks, Hall, Demasi

---

[3] As an initial matter, this Court notes that Plaintiff's Complaint is poorly pled and often fails to present a clear narrative of the events at issue or the legal claims being asserted. The Complaint includes events spanning four separate dates and involving distinct groups of police officers. Plaintiff also refers to "Todd Warren" as a defendant, although that individual is not a named defendant and was not served.  (D.E. 2 at 3-4, 12.)  Further, the Complaint is a "shotgun pleading," asserting multiple claims for relief in single counts, making it difficult "to know which allegations of fact are intended to support which claim(s) for relief."  *Kennedy v. Bell South Telecomm., Inc.*, Civ No. 12-15869, 2013 WL 5663196, at *2 (11th Cir. Oct. 18, 2013) (internal citation omitted); *see also Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, Civ. No. 17-11727, 2018 WL 3727369, at *3 (D.N.J. Aug. 6, 2018) (noting that "shotgun pleadings" violate Rule 8)  Counsel is reminded that he is required to adhere the Federal Rules of Civil Procedure, including, but not limited to, Rules 8(a), (d) and 10.

[4] Defendants City of Orange Township ("City") and Mayor Dwayne Warren have not moved to dismiss.

2

and Rogers[5] intruded on her property "without permission" and attacked and pulled a gun on Dessources in the presence of Plaintiff and her children, causing them "severe emotional distress." (*Id.* at 7 ¶¶ 4-5, at 8 ¶¶ 8-14, at 10 ¶¶ 21, 23.)   Plaintiff, who was pregnant with H.D. at that time, also alleges that Hall and Rogers pushed her to the ground and that Hall, Banks, and Rosado "maliciously" and/or recklessly pepper sprayed her and others.  (*Id.* at 7 ¶ 5, at 10 ¶ 21.)  Plaintiff was transported to a local hospital for treatment for pelvic pressure and pain in her abdomen, tailbone, and hip.  (*Id.* at 9 ¶ 15.)

On June 26, 2020, Plaintiff alleges that Rosado "and the same crew came back for more harassment," blocking the street in front of Plaintiff's residence "for no reasons [sic] at all."  (*Id.* at 11 ¶ 24, at 7 ¶ 6.) On July 4, 2020, "[t]wo Orange Police vehicles" allegedly parked in front of Plaintiff's home with their lights off but left when "an attempt to video them was made."  (*Id.* at 8 ¶ 7, at 11 ¶ 24.)

On January 19, 2021, Plaintiff filed suit in this Court alleging that Officer Defendants and others violated her and her children's constitutional, statutory, and common law rights. (*See generally* D.E. 1.)  Plaintiff subsequently corrected her initial pleading to remove the names of her minor children.  (D.E. 2.)[6]  The instant motions were filed on May 14 and 15, 2021, and all briefing was timely filed.  (D.E. 18-20, 24-26, 28-30.)

---

[5] The Complaint does not clearly identify which officers were present on June 24th. In her description of the parties, Plaintiff alleges that Officers Reda, Rosado, Banks, Hall, and Demasi were present. (D.E. 2 at 5 ¶ 9.)  In her statement of facts, Plaintiff alleges that Officers Banks, Hall, Demasi, and Rogers were present.  (*Id.* at 7 ¶ 4.)

[6] Other than the removal of the minor children's names, no other substantive changes were made. Therefore, the fact that Officer Defendants moved to dismiss the original complaint, rather than the corrected complaint, although technically incorrect, is not a basis to deny their motions, despite Plaintiff's arguments to the contrary.  (*See, e.g.*, D.E. 24 at 1.)

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]" Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Rule 12(f) permits a court to strike portions of pleadings that are "redundant," "immaterial," "impertinent," or "scandalous."  R. 12(f).  "The purpose of a motion to strike is to

clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Synthes, Inc. v. Emerge Med., Inc.*, Civ. No. 11-1566, 2012 WL 4473228, at * 3 (E.D. Pa. Sept. 28, 2012) (internal citation omitted).

### III.  DISCUSSION

#### A.  Motions to Strike

Defendant Banks, Reda, Hall, Demasi, Rogers and Rosado all move to strike portions of Plaintiff's Complaint for redundancy or impropriety.  (*See* D.E. 19 at 2-4; D.E. 20-8 at 14.)  Given the convoluted nature of the Complaint, this Court will address these motions before turning to Officer Defendants' motions to dismiss.

First, as to Count One, Plaintiff's claims brought pursuant to the New Jersey Constitution and 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985, 1986 and 1988 shall be stricken.[7]  With the exception of Plaintiff's § 1984 claim, all of these claims are duplicative of the claims contained in Count Two.  The § 1984 claim shall also be stricken, as the section contains no text and, therefore, cannot be the basis for a cause of action.  In addition, the claim for assault and battery will be stricken as duplicative of Count Three and the claim of excessive force stricken as duplicative of Count Five.

As to Count Two, Plaintiff's claim pursuant to § 1981 is stricken because it is subsumed by Plaintiff's § 1983 claim.  *See, e.g., McGovern v. City of Phila.*, 554 F.3d 114, 120 (3d Cir. 2009) (ruling that § 1983 is the sole federal remedy for violations of § 1981).  In addition, because § 1988 permits the recovery of attorney's fees in certain federal lawsuits, it is a form of relief, not

---

[7] This includes Plaintiff's claim for excessive force pursuant to N.J.S.A. 10:6-2 which is duplicative of Plaintiff's Fourth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (stating that claims for excessive force are "analyzed under the Fourth Amendment and its reasonableness standard"); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004).

an independent cause of action, and it will also be stricken. *See Russo v. City of Atl. City*, Civ. No. 13-3911, 2016 WL 1463845, at *9 (D.N.J. Apr. 14, 2016).

Count Six shall also be stricken as duplicative of Count Two.  (*Compare* D.E. 2 Count Six (raising claims pursuant to §§ 1981, 1983, 1985, 1986, 1988) *with* Count Two (raising same).) Count Seven shall be stricken as duplicative of Counts Four and Five.  (*Compare* D.E. 2 Count Seven (raising claims brought pursuant to the New Jersey Civil Rights Act ("NJCRA"), 10:6-1 *et seq.* and the New Jersey Law Against Discrimination, ("NJLAD"), N.J.S.A. 10:5-12(f), 10:1-2, 10:5-4) with Counts Four and Five (raising claims under the same statutes).)  Count Eight shall also be stricken as duplicative of Count Four.  (*Compare* D.E. 2 Count Eight and Four (raising claims under the NJLAD).)

Therefore, moving forward, Plaintiff's Complaint consists of the following claims:

| | |
|---|---|
| Count One: | Infliction of Emotional Distress; Invasion of Privacy |
| Count Two: | Violation of the N.J. Constitution Article 1, Para 1, 6, 7, 10, 18, 19, 22; United States Constitution, Amendments I, IV, V, XIV; and 42 U.S.C. §§ 1982, 1983, 1985, 1986 |
| Count Three: | Assault; Battery; False Imprisonment |
| Count Four: | Violation of the NJLAD |
| Count Five: | Violation of the NJCRA. |

B. <u>Motions to Dismiss: State Statutory/Common Law Claims (Counts One, Three, Four)</u>

As an initial matter, to the extent Plaintiff raises tort claims against Officer Defendants, she is required to comply with the notice requirements of the New Jersey Tort Claims Act ("TCA"), N.J.S.A. 59:8-1, *et seq.*  The TCA allows individuals to bring tort claims against public entities, provided that "certain procedures be followed prior to bringing suit."  *Tripo v. Robert Wood*

*Johnson Med. Ctr.*, 845 F. Supp. 2d 621, 626 (D.N.J. 2012).  As such, parties seeking to sue under the TCA are required "to sign and file a notice of tort claim (a 'Notice of Claim') with the public entity within 90 days of the accrual of the cause of action."  *Id.*; *see also* N.J.S.A. § 59:8-8.  A plaintiff is "forever barred from recovering against a public entity or public employee" if they fail to file a Notice of Claim within the time required.  N.J.S.A. § 59:8-8.  In addition to this initial notice, the TCA permits public entities to require a plaintiff to provide additional specialized information such as medical records, relevant bills, or expenses, although the statute does not contain guidance as to the timing of the filing of this additional information.  *See* N.J.S.A. § 59:8-6.  The City of Orange Township ("City") adopted a specialized notice requirement on August 8, 2017, and makes its specialized notice form available on its website.  *See* http://orangetwpnjcc.org/wp-content/uploads/2018/040TORT-CLAIM.pdf, *last visited* Aug. 6, 2021.[8]  The form states that it must be "filed within ninety (90) days of the accident or occurrence or [you] may forfeit your rights . . . failure to complete and return within the stated time may result in dismissal of your claim."  (D.E. 20-6.)

Here, Plaintiff alleges that Simmonds, Mendoza and Adrianzen came to her home on September 8th and "physically beat, attack[ed], punch[ed], assault[ed], [and] batter[ed]" Dessources, causing her and her children emotional distress.  (D.E. 2 at 6 ¶ 2.)  Plaintiff provides no proof that she filed a Notice of Claim as required by the TCA and concedes that she does not know if such notice was filed.  (See D.E. 24 at 4 (stating that counsel would have to search to determine whether a notice was filed).)  Therefore, all tort claims against Simmonds, Mendoza, and Adrianzen must be dismissed with prejudice.  Similarly, any tort claims arising out the events

---

[8] A revised form was adopted by the Municipal Council of the City of Orange Township on May 18, 2021, in accordance with Resolution No. 274-2021.  *See* https://orangetwpnjcc.org/wp-content/uploads/2021/05/Title-59-Notice-of-Claim.pdf, *last visited* Aug. 6, 2021.

of June 26, 2020 and July 4, 2020 must also be dismissed as to the remaining Officer Defendants for the same failure.

Plaintiff did, however, file a timely Notice of Claim as to the events of June 24th. (*See* D.E. 20-3 (indicating that Plaintiff and Dessources were filing a Notice of Claim as to events that occurred on June 24, 2020, listing violations of the common law, state and federal statutes, and state and federal constitutional provisions, and referencing Officers Banks and Hall by name).)[9] It does not appear that the City requested any additional information from Plaintiff after she filed her initial Notice of Claim or provided her with the specialized notice form, and Plaintiff did not independently file the same. However, Officer Defendants acknowledge that Plaintiff's Notice of Claim "contained much of the information sought by the City's specialized claim form." (D.E. 20-8 at 29.) As a result, this Court will not dismiss Plaintiff's tort claims arising out of events of June 24th on notice grounds at this time. *See Newberry v. Twp. of Pemberton*, 726 A.2d 321, 323-325 (N.J. Super. Ct. App. Div. 1999) (finding that "[w]hile a public entity may certainly seek additional information from the claimant pursuant to N.J.S.A. 59:8-6, we nevertheless read N.J.S.A. 59:8-4 as a legislative determination that the information it requires constitutes an adequate, even if minimal, fulfillment of the purposes of notice").[10]

---

[9] Although generally a court may only consider the contents of the complaint on a 12(b)(6) motion to dismiss, the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment. *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider documents "*integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted, emphasis in original); *see also In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017), or matters of public record, *Chugh v. W. Inventory Servs., Inc.*, 333 F. Supp. 285, 289 (D.N.J. 2004). Here, Defendants have submitted a notice of claim filed by Plaintiff, which is a public document, and may be considered by this Court on a motion to dismiss.

[10] This Court takes no position on Plaintiff's future compliance with the City's specialized notice requirement.

> a. *Infliction of Emotional Distress (Count One)*

Plaintiff first raises a claim for intentional infliction of emotional distress ("IIED").  (*See* D.E. 2 Count One (identifying claim as one for "reckless, intentional, infliction of emotional distress").)  "[T]o establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Sav. Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988).  A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Restatement* § 46 cmt. d); *see also Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 114 (3d Cir. 1996).  A plaintiff's distress must be "so severe that no reasonable person could be expected to endure it," *Mardini v. Viking Freight, Inc.*, 92 F. Supp. 2d 378, 384 (D.N.J. 1999), and requires a plaintiff to show "that they suffered from a specific ailment and sought treatment for it." *Phillips v. N.J. Transit*, Civ. No. 19-13427, 2021 WL 1661087, at *12 (D.N.J. Apr. 28, 2021); *see also Hill v. N.J. Dep't of Corr. Com'r Fauver*, 776 A.2d 828, 841-42 (N.J. Super. Ct. App. Div. 2001) (defining severe emotional distress as "[a] severe and disabling mental or emotional condition which is capable of being generally recognized and diagnosed by professionals trained to do so").

Although Plaintiff alleges that she and her children experienced severe emotional distress because of Officer Defendants' actions on June 24th, she has not pled that she or her children suffer from any particular psychological ailment or have sought or received any treatment for any such condition.  As a result, Plaintiff's claim for IIED will be dismissed as to her and her minor children. *See Botts v. The New York Times Co.*, Civ. No. 03-1582, 2003 WL 23162315, at *9 (D.N.J. Aug.

29, 2003) (dismissing IIED claim where plaintiffs failed to allege that they had "sought medical treatment for their distress").

      b.  *Invasion of Privacy (Count One)*

"New Jersey recognizes four related invasion of privacy torts: (1) unreasonable intrusion upon seclusion; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to one's private life; and (4) false light invasion of privacy." *Jevic v. Coca Cola Bottling, Co. of New York, Inc.*, Civ. No. 89-4431, 1990 WL 109851, at *8 (D.N.J. June 6, 1990). Plaintiff appears to raise claims for both unreasonable intrusion upon seclusion and false light.

New Jersey courts have "long recognized" that the right to privacy includes claims for "intrusion upon seclusion." *Poltrock v. N.J. Auto. Accounts Mgmt. Co., Inc.*, Civ. No. 08-1999, 2008 WL 5416396, at*4 (D.N.J. Dec. 22, 2008); *see also N.O.C., Inc. v. Schaefer*, 484 A.2d 729, 731 (N.J. Super. Ct. Law. Div. 1984) (noting that "the right of privacy encompasses the right to be protected from a wrongful intrusion which would outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities"). "At the crux of an intrusion claim must be an allegation that a plaintiff's personal and private affairs have been pried into by the defendant" and "liability attaches the moment a plaintiff's privacy has been breached, whether it be physical or otherwise." *Poltrock*, 2008 WL 5416396 at *5. The alleged intrusion must be "highly offensive to a reasonable person" and "[n]ot withstanding a plaintiff's subjective expectations of privacy, a court must determine whether objectively, given the facts and circumstances of the particular case, a person would reasonably believe he has an expectation of privacy." *Id.* (internal citations omitted). Even where a plaintiff demonstrates a privacy interest in a given area or item, "a court must weigh the competing interests of the parties to determine whether the defendant's reasons for its intrusion outweigh the plaintiff's right to privacy." *Id.* "'Where a defendant's action is properly

authorized or justified by circumstance, it may be found reasonable and nonactionable even though it amounts to a slight invasion of the plaintiff's privacy.'"  *N.O.C.*, 484 A.2d at 734 (internal citation omitted).

Here, Plaintiff appears to argue that her privacy was wrongfully intruded upon when Officer Defendants entered Plaintiff's property in response to a noise complaint.  (D.E. 2 at 7 (pleading that certain of the defendants "without permission entered Plaintiffs['] premises . . . and trespassed onto her premises,") at 8 (alleging that certain defendants "were trying to force themselves into [sic] Plaintiffs' property" in response to a call for "fireworks on the street"), at 11 (stating that Rosado "opened Plaintiff's back door, went (trespassed) inside Plaintiff's house").) It is well-established, however, that "officers performing their official duties are not trespassers because they enter pursuant to a public right."  *Rowe v. Mazel Thirty, LLC*, 34 A.3d 1248, 1255 (N.J. 2012).  Although Plaintiff describes the noise complaint as a "pretense" for the officers to come onto her property, a judicial officer did find probable cause for the issuance of a Complaint-Warrant as to Dessources, arising from an Affidavit of Probable Cause signed by Officer Reda, which indicated that he, Hall and Demasi were dispatched to Plaintiff's street on the date in question "in response to several 9-1-1 calls regarding a large gathering in said residential area" for complaints including "loud noises" and the use of fireworks.  (D.E. 20-4.)  Therefore, because Defendants were performing their official duties, their presence at Plaintiff's home, while unwelcome, was justified and Plaintiff's intrusion upon seclusion claim must be dismissed.

Plaintiff next asserts claims for defamation and false light invasion of privacy.  (*See* D.E. 2 at 17.)  A party asserting a claim for defamation must show: "(1) the defendant made a

defamatory statement[11] of fact, (2) the fact was about the plaintiff, (3) the fact was false, (4) the fact was communicated to a third party, and (5) the defendant acted with actual knowledge of or reckless disregard for the fact's truth or falsity." *Williamson v. Newark Pub. Sch.*, Civ. No. 05-4008, 2008 WL 1944849, at *4 (D.N.J. May 1, 2008); *see also Singer v. Beach Trading Co.*, 876 A.2d 885, 894 (N.J. Super. Ct. App. Div. 2005).  To prove a claim for false light, a plaintiff must show "(1) that the false light in which plaintiff was placed would be highly offensive to a reasonable person and (2) that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [plaintiff] would be placed." *Marino v. Westfield Bd. of Educ.*, Civ. No. 16-361, 2017 WL 216691, at *9 (D.N.J. Jan. 18, 2017) (internal citation omitted).  Under New Jersey law, therefore, a plaintiff cannot be defamed or placed in false light by statements made about other people; only statements that are "of and concerning plaintiff" are actionable.  *DeGroat v. Cooper*, Civ. No. 13-07779, 2014 WL 1922831, at *3 (D.N.J. May 14, 2014) (quoting *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31 (1989)) (internal citations omitted)*; see also Callaremi Lincoln-Mercury, Inc. v. Picon Auto Grp. LLC*, Civ. No. 17-6819, 2018 WL 5342721, at *6 (D.N.J. Oct. 29, 2018).  Here, Plaintiff grounds her defamation and false light claims on statements Officer Defendants allegedly made about Dessources, not herself.  (*See* D.E. 2 at 17 (alleging that defendants "wrongfully accused [Dessources] of a crime which accusations were made and published by [defendants] . . . (defamation, libel and slander) while knowing said allegations to be untrue" and "cast [Dessources] in a false light").)  Therefore, Plaintiff's defamation and false light claims are not actionable and will be dismissed.

---

[11] A defamatory statement is "one that is false and injurious to the reputation of another or exposes another person to hatred, contempt or ridicule or subjects another person to a loss of the good will and confidence in which he or she is held by others."  *Romaine v. Kallinger*, 537 A.2d 284, 287 (N.J. 1988) (internal citations omitted).

### c.  *Assault and Battery (Count Three)*

"A person is subject to liability for the common law tort of assault if: (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension . . . The tort of battery rests upon a nonconsensual touching." *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1117 (N.J. 2009).  Here, Plaintiff has pled that Hall and Rogers intentionally "pushed" her to the ground and that Banks and Hall intentionally pepper sprayed her. (D.E. 2 at 7, 9.)  Because Plaintiff pleads that on June 24th Hall, Rogers and Banks intended to physically harm her and in fact, did so, she has sufficiently alleged a claim for assault and battery as to those three defendants.  However, the Complaint contains no allegations that any of the other Officer Defendants assaulted or battered her, and the motions to dismiss shall be granted.[12]

### d.  *False Imprisonment (Count Three)*

Under New Jersey law, the elements of false imprisonment are: "(1) an arrest or detention of the person against his or her will and (2) lack of proper legal authority or legal justification." *Shelley v. Linden High Sch.,* Civ. No. 19-20907, 2020 WL 6391191, at *4 (D.N.J. 2020) (internal citations omitted).  "The gist of false imprisonment is merely unlawful detention without more." *Earl v. Winne*, 101 A.2d 535, 539 (N.J. 1954).  Plaintiff pleads that on June 24, 2020, Hall and Rogers pushed her to the ground and then Hall and Banks pepper sprayed her while she remained on the ground.  (D.E. 2 at 7, 9.)  Because Plaintiff alleges that she was forced to the floor against her will and kept there by means of pepper spray without justification, she has sufficiently pled a

---

[12] Because Plaintiff also fails to plead any facts showing that her children were assaulted or subject to nonconsensual touching, any claims raised on their behalf must also be dismissed.  This is also true as to H.D., who was in Plaintiff's womb during the events in question.  *See B.C. v. T.G.*, 65 A.3d 281, 282 (N.J. Super. Ct. 2013) (recognizing that "[u]nder New Jersey law, a fetus is not considered a person").

claim of false imprisonment against Defendants Hall, Rogers, and Banks.  Plaintiff has not, however, set forth any facts as to the remaining Officer Defendants that can sustain such a claim. As such, Plaintiff's claim for false imprisonment shall be dismissed as to all Officer Defendants except Hall, Rogers, and Banks.[13]

e.   *New Jersey Law Against Discrimination (Count Four)*

The NJLAD was enacted to "root out the cancer of discrimination."  *Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 626, 641 (N.J. 2008); N.J.S.A. 10:5-1 *et seq.*; *see also Lehmann v. Toys R Us, Inc.*, 626 A.2d 445, 451-52 (N.J. 1993) (noting that law "was enacted to protect not only the civil rights of individual aggrieved employees but also to protect the public's strong interest in a discrimination-free workplace").  It is limited, however, to prohibiting discrimination in the workplace, union activities, housing, public accommodations, lending, or the purchase or sales of goods or services.  N.J.S.A. 10:5-12.  Plaintiff's allegations concern the behavior of police officers responding to a noise complaint made by an unidentified third-party (or parties) at her private residence and the officers' conduct in and around her home.  None of the facts as pled involve activities covered by the NJLAD, therefore Plaintiff's claims under the statute must be dismissed.[14]

---

[13] Because Plaintiff also fails to plead any facts showing that her children were falsely imprisoned, any claims raised on their behalf must also be dismissed.

[14] Plaintiff's reliance on *Ptaszynski v. Ehiri*, 853 A.2d 288 (N.J. Super. Ct. App. Div. 2004) is misplaced.  *Ptaszynski* addressed the question of whether a police station (and its officers) qualifies as a place of public accommodation under the NJLAD where plaintiffs requested police intervention at their home by calling 911 and were subsequently transported to the police station.  *Id.* at 295-97.  Here, Plaintiffs did not ask the police to come to their home and did not seek the use of a public accommodation.  Rather, as Plaintiff vehemently pleads, she objected to the officers' presence on her property.

C.  Motions to Dismiss -- Constitutional Claims (Counts Two and Five)[15]

Plaintiff first raises claims against Defendants pursuant to both the United States and New

Jersey constitutions.

42 U.S.C. §1983 provides in relevant part:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to

redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F.

App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Morse

v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997); *O'Toole v. Klingen*, Civ. No.

14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998

F. Supp. 2d 338, 350 (D.N.J. 2014).[16]  To bring a § 1983 claim, "a [] plaintiff [must] prove two

essential elements: (1) that the conduct complained of was committed by a person acting under

color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities

secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319

---

[15] As an initial matter, because Plaintiff was pregnant with H.D. during the events in question, all constitutional claims brought on behalf of H.D. must be dismissed. *See Alexander v. Whitman*, 114 F.3d 1392, 1400 n.9 (3d Cir. 1997) (recognizing that "the unborn are not persons within the meaning of the Fourteenth Amendment, it follows that the unborn are not encompassed within the meaning of the term 'person' or 'citizen' for purposes of 42 U.S.C. § 1983"); *see also Lewis v. Thompson*, 252 F.3d 567, 586 (2d Cir. 2001).

[16] Similarly, "civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act," N.J.S.A. 10:6-1 *et seq. Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013). Because the NJCRA is "interpreted analogously to Section 1983," this Court's § 1983 analysis controls Plaintiff's NJCRA and New Jersey constitutional claims as well.  *O'Toole*, 2017 WL 132840 at *5; *see also Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after [] § 1983").  This joint federal and state constitutional analysis applies to Counts Two and Five of Plaintiff's Complaint.

(3d Cir. 2011); *Hilton v. Whitman*, Civ. No. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated") (internal citation omitted).  There being no dispute that Officer Defendants are state actors, this Court's analysis focuses solely on whether their conduct deprived Plaintiff of constitutional rights.

Plaintiff's Complaint alleges generally that Officer Defendants' actions violated multiple constitutional provisions, including: 1) right to privacy; 2) unlawful seizure and use of excessive force; 3) equal protection; 4) substantive due process; and 5) right of free expression, association, and petition to redress grievances.  (*See* D.E. 2 at Count Two, Five.)[17]  However, although "certain wrongs affect more than a single right, and accordingly, can implicate more than one of the Constitution's commands," *Armendariz v. Penman*, 75 F.3d 1311, 1320 (9th Cir. 1996) (citing *Soldal v. Cook Cty.*, 506 U.S. 56, 59 (1992)), "plaintiffs cannot 'double up' constitutional claims . . . [w]here a claim can be analyzed under 'an explicit textual source' of rights in the Constitution, a court may not also assess the claim under another, 'more generalized,' source." *Ramirez v. Butte-Silver Bow Cty.*, 298 F.3d 1022, 1029 (9th Cir. 2002) (quoting *Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (declining to analyze a claim under substantive due process where it was more appropriately reviewed under the Fourth Amendment)); *see also DeLauri v. N.J. Div. of State Police*, Civ. No. 05-4165, 2009 WL 222983, at *4 (D.N.J. Jan. 27, 2009).  Here, although Plaintiff asserts violations of a general right to privacy and substantive due process, the conduct of which

---

[17] To the extent Plaintiff brings suit for a deprivation of property pursuant to Section 1982, that claim will be dismissed. 42 U.S.C. § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  Because the Complaint contains no allegations to support a showing that Plaintiff was deprived of the rights articulated in Section 1982, any claim brought pursuant to this statute shall be dismissed.

she complains is explicitly protected by the Fourth (excessive force),[18] First (speech, association, grievance), or Fourteenth (equal protection) Amendments, and will be reviewed under those provisions.[19]

### a. Equal Protection (Fourteenth Amendment)

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff raising an Equal Protection claim "must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (internal citation omitted). In other words, a plaintiff must allege that (1) they are a member of a protected class; (2) they were treated differently from similarly situated individuals; and (3) the disparate treatment was based on their membership in the protected class. *See Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019); *see also Mascio v. Mullica Twp. Sch. Dist.*, Civ. No. 16-206, 2016 WL 4880511, at *3 (D.N.J. Sept. 13, 2016); *see also Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992).

Plaintiff, having pled that she is a "female Haitian American," has sufficiently alleged membership in a protected class. *See, e.g., Fitzpatrick v. Bergen Cty. Prob. Dep't.*, Civ. No. 05-

---

[18] *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) (noting that "excessive force in the course of an arrest is properly analyzed under the Fourth Amendment, not under substantive due process").

[19] This approach is necessary because "[v]irtually every governmental action interferes with personal privacy to some degree." *Katz v. U.S.*, 389 U.S. 347, 351 n.5 (1967). Therefore, the question this Court must resolve is not whether Officer Defendants' conduct intruded upon Plaintiff's privacy, but whether their conduct "violate[d] a [specific] command of the United States Constitution." *Id.* Similarly, "a cause of action cannot be based in substantive due process where a more specific constitutional provision is applicable." *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001). Here, the facts Plaintiff relies upon for both her right to privacy and substantive due process claims are the same as those supporting her excessive force, free speech/association/grievance, and equal protection claims and are appropriately reviewed under those specific constitutional provisions.

1520, 2005 WL 1126794, at *3 (May 5, 2005) (noting that protected classes include race, alienage, national origin, and sex).  However, Plaintiff fails to assert that she was treated differently from other similarly situated individuals.  Although Plaintiff broadly alleges that Banks "has a large and serious record of targeting 'foreigners' [and] assaulting them, falsely arresting them and violating their constitutional rights," (D.E. 2 at 1, 20), and that "Defendants['] actions were not only discriminating in treatment to Plaintiffs but also were a part of a pattern, practice, custom and contributed to the disparate impact Defendants' actions have on 'perceived foreigners' and those who complain," (*id*. at 22), the Complaint contains no facts to support these generalizations. Sweeping assertions that a party was treated differently from others without more is not enough to sustain an Equal Protection claim and Plaintiff's claim will be dismissed as to herself and her minor children.

b. *Free Speech, Association, Redress of Grievances (First Amendment)*

Plaintiff next asserts that Officer Defendants violated her rights to free expression, assembly, and petition for redress of grievances.[20]  (*See* D.E. 2 at 16-18.) "The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition [their] government for redress of grievances."  *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464 (1979); *see also Griswold v. Connecticut*, 381 U.S. 479, 483 (1965) (noting that the freedom to associate "includes the right to express one's attitudes or philosophies by membership in a group or by affiliation with or by other lawful means"); *Sure-Tan, Inc. v.*

---

[20] Generally, free speech rights under the New Jersey Constitution are "coterminous with free speech rights under the U.S. Constitution."  *Williamson v. Newark Public Sch.*, Civ. No. 05-4008, 2008 WL 1944849, at *2 n.1 (D.N.J. May 1, 2008); *see also Hamilton Amusement Ctr. v. Verniero*, 716 A.2d 1137, 1141-42 (N.J. 1998) (interpreting the scope of the New Jersey Constitution's "free speech clause to be no more restrictive than the federal free speech clause").

*N.L.R.B.*, 467 U.S. 883, 896-97 (1984) (recognizing that "the right of access to the courts for redress of wrongs is an aspect of the First Amendment right to petition the government").

Even a generous reading of Plaintiff's Complaint does not reveal facts sufficient to sustain Plaintiff's First Amendment claims.  There is not a single factual allegation to support a finding that Plaintiff was prevented from speaking freely on any topic or affiliating with individuals or groups of her choosing.   Plaintiff does generally claim that she "noticed the City of Orange Township and the officials to give relief and have been ignored," (D.E. 2 at 18), but that allegation alone is not enough to support a claim that she was prevented from exercising her right to access the courts or petition the government for redress.[21]

To the extent that Plaintiff seeks to bring a retaliation claim against Officer Defendants, her claim must also be dismissed.  Pursuant to Section 1983, a person "may seek legal redress for government actions undertaken in retaliation for the individual's exercise of his First Amendment Rights."  *Abrams v. Port Auth. Trans-Hudson Corp.*, Civ. No. 07-4975, 2010 WL 3810642, at *2 (D.N.J. Sept. 23, 2010); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  A First Amendment retaliation claim based on the right to petition requires a plaintiff to show that they engaged in protected activity and that that activity "was a substantial factor in the alleged retaliatory conduct."  *Abrams*, 2010 WL 3810642 at *5.  Plaintiff's Complaint alleges only that "the activities stated in the Complaint were retaliatory by Defendants **against Louis Dessources**," (D.E. 2 at 6), that unknown persons made "continued communications . . . to [authorities]," (*id.* at 11), and that defendants "continue the attack on [**Dessources**] who dared to sue the law enforcement authorities whose duty it is to protect Plaintiffs but instead are agreeing,

---

[21] Plaintiff also alleges that Dessources "had previously objected to unlawful activity" and that defendants "did nothing to correct same," (D.E. 2 at 21), but those contentions address Dessources' actions and rights, not Plaintiff's.

aiding and abetting in their scheme to retaliate against . . . [**Dessources**] for [**Dessources**] exercising his . . . [constitutional] right to complain and grieve," (*id.* at 16) (emphasis added). Nowhere does Plaintiff plead that she herself has attempted to petition the government for redress, that she herself has been denied that right, nor that she herself has been retaliated against. Therefore, Plaintiff has not pled a retaliation claim and her First Amendment claims will be dismissed.

### c. *Excessive Force/Unreasonable Seizure (Fourth Amendment)*

Plaintiff next claims that Officer Defendants violated her Fourth Amendment rights when they pushed her to the ground and pepper-sprayed her.  (D.E. 2 at 7-9 17-18.)  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. Const., amend. IV.[22]  "A seizure occurs when there is either (a) 'a laying on of hands or application of physical force to restrain movement, even when ultimately unsuccessful,' or (b) submission to 'a show of authority.'" *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006) (citing *California v. Hodari*, 499 U.S. 621, 626 (1991)).  Claims for excessive force used to effectuate a seizure are "analyzed under the Fourth Amendment and its reasonableness standard."  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004); *Panarello*, 160 F. Supp. 3d at 755.  Whether the use of force is "reasonable" is "judged from the perspective of a reasonable officer at the scene, rather than with 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Determining whether an officer's use of force was "objectively reasonable" is reviewed "in light of the facts and circumstances confronting them, without regard to their underlying intent or

---

[22] Article 1, paragraph 7 of the New Jersey Constitution provides the same protection.  *See State v. Carter*, 2021 WL 3278023 (N.J. Aug. 2, 2021).

motivation." *Id.* at 397; *see also Kopec v. Tate*, 361 F.3d 772, 776-77 (3d Cir. 2004).  The presence of an injury may be considered in the analysis but is not dispositive.  *See Flood v. Schaefer*, 439 F. App'x 179, 182 (3d Cir. 2011).

As to Officers Simmonds, Mendoza, and Adrianzen, Plaintiff pleads only that they "beat, attack[ed], punch[ed], assault[ed], and batter[ed]" Dessources, but makes no allegations that she herself was physically harmed.  (D.E. 2 at 6.)  Therefore, Plaintiff's excessive force/seizure claim against these three defendants must be dismissed.  Similarly, having pled no facts that show that Reda, Demasi, or Rosado[23] used force on Plaintiff or restrained her movement, her claims of excessive force/unreasonable seizure against those three defendants must also be dismissed. Defendants Hall, Rogers and Banks do not seek dismissal of Plaintiff's excessive force/seizure claim and it shall remain as to those three defendants only.  (D.E. 20-8 at 13, 15 (conceding that at this stage of the proceedings, Plaintiff "has alleged a prima facie excessive force claim" as to Hall and Rogers); 30 at 1 (conceding that Plaintiff has met the pleading standard for the excessive force claim as to Banks).)  However, Plaintiff having pled no facts that indicate that her minor children were subject to an unreasonable seizure or use of excessive force, any claims brought on their behalf are also dismissed as to all Officer Defendants.

### d.  Conspiracy

42 U.S.C. § 1985 "provides a remedy against private conspiracies and conspiracies by state actors."  *Love v. Does*, Civ. No. 17-1036, 2020 WL 5760447, at *12 (D.N.J. Sept. 28, 2020).  42 U.S.C. § 1986 extends liability for such conspiracies to persons who "having knowledge that any of the wrongs conspired to be done . . . are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so . . . ."   To bring a

---

[23] Plaintiff does allege, however, that Demasi choked and punched Dessources on June 24, 2020.  (D.E. 2 at 10 ¶ 17.)

successful claim under Section 1985, a plaintiff must show: "(1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).  "In order to plead a claim based on a conspiracy, a plaintiff must allege facts showing actual agreement between the alleged conspirators and concerted action towards the object of the conspiracy." *Steele v. Pub. Def. Middlesex Cty.*, Civ. No. 19-412, 2021 WL 2850464, at *4 (D.N.J. July 8, 2021); *see also Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008.)  "Without more, the bare allegation of an agreement is insufficient to sustain a conspiracy claim." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012).

Plaintiff does not adequately plead multiple elements of a conspiracy claim.  First, Plaintiff fails to set forth facts that show either an agreement by Officer Defendants or specific acts committed in furtherance of the alleged conspiracy.  (*See* D.E. 2 at 15 ¶ 7 (alleging that "there is obviously a continued conspiracy of the Orange Personnel at the Police Department to 'get' [Dessources] and protect the Orange perpetrator's [sic] so they can continue the attack on [Dessources] who dared to sue the law enforcement authorities whose duty it is to protect Plaintiffs but instead are agreeing, aiding and abetting in their scheme to retaliate against [Dessources]"); at 23 ¶ (alleging that Officer Defendants "by their acts, words and reports agreed, and conspired and facilitated each other Defendant in the continued deprivation of Plaintiff and her family's rights").)  In addition, although Plaintiff pleads that she a "female Haitian American," and broadly alleges that Officer Defendants discriminated against "foreigners" and "those who complain," (D.E. 2 at

1, 20, 22), the Complaint to fails to set forth any facts that show that Officer Defendants intended to conspire against her to deprive her of the equal protection of the law.  Sweeping generalizations and assumptions about a defendant's conduct is not enough to establish the existence of a conspiracy.  Therefore, Plaintiff's Section 1985 and 1986 claims must be dismissed as to herself and her minor children.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motions are Granted in part and Denied in part.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Edward S. Kiel, U.S.M.J.
            Parties