**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE CONSERVE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF ORANGE TOWNSHIP, et al.,<br><br>　　　　　　Defendants. | Civil Action No: 21-872 (SDW)(ESK)<br><br>**OPINION**<br><br><br>May 23, 2022 |

**WIGENTON**, District Judge.

　　Before this Court are: (1) Defendant City of Orange Township's ("Orange") Motion to Dismiss, (D.E. 50);[1] (2) Defendant Denise Banks' ("Banks") Partial Motion to Dismiss and Motion to Strike, (D.E. 51); and (3) Defendants Edward Hall ("Hall") and Keenan Rogers' ("Rogers") Partial Motion to Dismiss and Motion to Strike, (D.E. 55), Plaintiff Marie Conserve's ("Plaintiff") Second Amended Corrected Complaint ("Complaint"), (D.E. 47), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and (f); as well as (4) Plaintiff's Cross-Motion for Reconsideration, pursuant to Rule 54(b), (D.E. 57). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the motions are **GRANTED in part** and **DENIED in part**.

---

[1] This Motion to Dismiss, (D.E. 50), also pertained to Defendant Mayor Dwayne Warren ("Mayor Warren"). However, the parties filed a Stipulation of Dismissal with prejudice as to Mayor Warren only, which this Court Ordered on January 3, 2022, (D.E. 75). Thus, this Court will consider the Motion as it relates to Defendant Orange only.

I.   **BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff is a resident of Orange, New Jersey, where she lives with her significant other, Louis Dessources ("Dessources"), and her minor children. (D.E. 47 at 1; 6 ¶¶ 1–2.) Defendant Orange is a municipal entity. (*Id.* at 3 ¶ 1.) Defendants Denise Banks, Edward Hall, and Keenan Rogers (collectively, "Officer Defendants") are officers employed by the Orange Police Department. (*Id.* at 3 ¶ 2.) Defendant Todd Warren is the Orange Police Director.[3] (*Id.* at 4 ¶ 2.)

On June 24, 2020 ("June 24th"), at approximately 10:40 p.m., Plaintiff alleges that, responding to a noise complaint in her neighborhood, Defendant Officers and additional officers[4] intruded on her property "without permission" and attacked and pulled a gun on Dessources in the presence of Plaintiff and her children, causing them "severe emotional distress." (*Id.* at 7 ¶ 2; 8 ¶¶ 6–9.) Plaintiff, who was pregnant at that time, also alleges that Hall and Rogers pushed her to the ground and that Hall and Banks "maliciously" and/or recklessly pepper sprayed her and others. (*Id.* at 7 ¶ 3; 9 ¶¶ 10–12; 11 ¶ 19; 12 ¶ 20; 17 ¶¶ 38–40.) According to Plaintiff, an officer also "took [her] house and car keys against her will.[5] (*Id.* at 10 ¶ 14.) Plaintiff was transported to a

---

[2] As an initial matter, this Court notes that Plaintiff's Amended Corrected Complaint is somewhat improved from the prior Complaint but is still poorly pleaded and often fails to present a clear narrative of the events at issue or the legal claims being asserted. As with Plaintiff's prior submission, this Complaint is a "shotgun pleading," asserting multiple claims for relief in single counts, making it difficult "to know which allegations of fact are intended to support which claim(s) for relief." *Kennedy v. Bell South Telecomm., Inc.*, Civ No. 12-15869, 2013 WL 5663196, at *2 (11th Cir. Oct. 18, 2013) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)); *see also Gov't Employees Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *3 (D.N.J. Aug. 6, 2018) (noting that "shotgun pleadings" violate Rule 8). Counsel is reminded again—as he was reminded in this Court's prior opinion, (D.E. 36 at 2 n.3)—that he is required to adhere to the Federal Rules of Civil Procedure, including, but not limited to, Rules 8(a), (d) and 10.

[3] Counsel for Defendant Todd Warren filed an opposition, (D.E. 74), to Plaintiff's Motion for Reconsideration, (D.E.57), but does not otherwise have a motion pending before this Court.

[4] The Complaint does not clearly identify which additional officers were present on June 24th.

[5] Plaintiff does not specify which officer took her keys.

2

local hospital for treatment for pelvic pressure and pain in her abdomen, tailbone, and hip. (*Id.* at 10 ¶ 13; 18 ¶ 41.)[6]

On January 19, 2021, Plaintiff filed suit in this Court alleging that Officer Defendants and others violated her and her children's constitutional, statutory, and common law rights. (*See generally* D.E. 1.) Plaintiff subsequently corrected her initial pleading to remove the names of her minor children. (D.E. 2.) On May 14, 2021 and May 15, 2021, Officer Defendants filed Motions to Dismiss and to Strike. (*See generally* D.E. 18–20.) The parties completed timely briefing, (D.E. 24–26, 28–30), and on August 9, 2021 this Court issued an Opinion and Order dismissing several Defendants and striking certain portions of the Complaint, (D.E. 36, 37). Certain claims remained against Defendants Banks, Hall, and Rogers, and against other parties, as well. (*See id.*)

On November 2, 2021, Plaintiff filed a Second Amended Corrected Complaint. (D.E. 46.) On November 3, 2021, Plaintiff filed a correction to the Second Amended Corrected Complaint—the instant matter. (D.E. 47.) On November 8, 2021, Defendants Orange and Mayor Warren filed a Motion to Dismiss. (D.E. 50.) On November 12, Defendant Banks filed a Motion to Dismiss and Strike. (D.E. 51.) On November 24, 2021, Defendants Hall and Rogers filed a Motion to Dismiss and Strike. (D.E. 55.) On December 4, 2021, Plaintiff filed a Cross-Motion for Reconsideration of this Court's August 9, 2021 Opinion and Order. (D.E. 57.) The parties filed timely briefing. (D.E. 56, 59, 65, 66, 67, 72, 74.) On January 3, 2022, Mayor Warren was dismissed from the matter, with prejudice. (D.E. 75.)

---

[6] Plaintiff's Statement of Facts includes information concerning events occurring on September 8, 2019, June 26, 2020, and July 4, 2020. (D.E. 47 at 7 ¶ 4; 8 ¶ 5; 12 ¶¶ 21–22.) This information is immaterial to the Complaint. Claims pertaining to events on those dates were dismissed in this Court's previous opinion. (D.E. 36 at 7–8.) Information concerning events on those dates is accordingly excluded from this summary of facts.

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (confirming that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Rule 12(f) permits a court to strike portions of pleadings that are "redundant," "immaterial," "impertinent," or "scandalous." The Court may strike portions of pleadings "on its own," FED. R. CIV. P. 12(f)(1), or "on motion made by a party," FED. R. CIV. P. 12(f)(2). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-1566, 2012 WL 4473228, at * 3 (E.D. Pa. Sept. 28, 2012) (quoting *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D.Pa. 2002)).

### III. DISCUSSION

#### A. Plaintiff's Cross-Motion for Reconsideration

Plaintiff filed a Cross-Motion for Reconsideration woefully out of time. Rule 54(b) provides that a court may reconsider interlocutory orders or decisions and revise them "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Local Rule 7.1(i) requires that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion." This Court's previous Opinion and Order, (D.E. 36, 37), were filed on August 9, 2021. On December 4, 2021—nearly four months after this Court filed the related Opinion and Order—Plaintiff filed a Cross-Motion for Reconsideration pertaining to the August 9, 2021 Opinion and Order. The Cross-Motion is untimely and is therefore denied.

#### B. Defendant Orange's Motion to Dismiss

##### a. Count Two

Plaintiff sandwiches multiple causes of action into Count Two. Primarily, Plaintiff raises claims against Defendant Orange pursuant to both the United States and New Jersey Constitutions and alleges that this Defendant violated 42 U.S.C. § 1983. Plaintiff's Complaint appears to

generally allege that Orange's actions infringed on several constitutional provisions, including (1) right to privacy; (2) unlawful seizure and use of excessive force; (3) equal protection; (4) substantive due process; (5) right of free expression, association, and petition to redress grievances; (6) right to not be deprived of property without due process; and (7) right to freedom of movement. (*See* D.E. 47 at Count Two, ¶¶ 4a–g.)  While Plaintiff's Complaint includes allegations of constitutional violations by certain Officer Defendants, it does not include any coherent, particularized allegations demonstrating or even suggesting that Orange committed constitutional violations.  The Complaint, rather, states that "[Plaintiff] and her representative have noticed the City of Orange Township and the officials to give relief and have been ignored." (D.E. 47 at Count Two, ¶ 4h.)  Plaintiff fails to specify what relief was sought, or how Defendant Orange infringed her rights by not providing some form of relief.  Plaintiff's bare assertion does not constitute a cognizable allegation undergirded by particularized facts that could support a claim of a constitutional violation or violations by Orange.

Plaintiff additionally asserts that Orange failed to "properly train or supervise their Police Officers Defendants [sic] and negligently, recklessly, wantonly hired and failed to properly supervise and train Defendants in the requirements of being a place of public accommodations and treating everyone equally and to protect and serve, and not to 'seek and destroy in retaliation.'" (D.E. 47 at Count Two, ¶ 6.)  This run-on, conclusory allegation does not amount to a cognizable allegation buttressed by particularized facts that could support a claim of a constitutional violation or violations by Orange.

Plaintiff further alleges general discrimination against "foreigners," as a "pattern, practice, [and] custom," and asserts that the "City management and supervision who [sic] had a duty to correct Defendant's [sic] behavior, train those who need training[,] and protect the public from

6

their employees' unlawful actions and have NOT properly done so." (D.E. 47 at Count Two, ¶ 10a.)  Plaintiff confusingly cites two decisions without any explanation—"Sandy . . . as well as Upchurch v[]. City of Orange— and says that the decisions "demonstrate stare decisis" on certain issues such as lack of township policy and custom to adversely treat foreigners," but offers no case citations or coherent analyses to demonstrate how these cases factor into a constitutional infringement allegation.

Plaintiff then puts forth allegations concerning a non-party officer, which are inappropriate in the Complaint and have no bearing on this matter. (*Id.* at Count Two, ¶¶ 11–12.)

The § 1983 pleading in the Complaint is similarly inadequately pleaded.  In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 does not itself, create any rights; it instead provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906–07 (3d Cir. 1997); *O'Toole v. Klingen*, No. 14-6333, 2017 WL 132840, at *5 (D.N.J. Jan. 13, 2017); *Thomas v. E. Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 350 (D.N.J. 2014).

To mount a successful § 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011)

(citing *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993)); *see also Hilton v. Whitman*, No. 04-6420, 2008 WL 5272190, at *4 (D.N.J. Dec. 16, 2008) (noting that the plaintiff must "identify the exact contours of the underlying right said to have been violated" (quoting *Downey v. Coalition Against Rape and Abuse, Inc.*, 143 F.Supp.2d 423, 437 (D.N.J. 2001))). Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3rd Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976)). A plaintiff must plead "allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Additionally, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3rd Cir. 2018) (quoting *Iqbal*, 556 U.S. at 676 (emphasis added)). "Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." *Id.* (citing *Iqbal*, 556 U.S. at 677 (emphasis added)).

It is important to note that "[c]ourts in this district have dismissed complaints when the [complaints] contain improper 'group pleading.'" This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Baldeo v. City of Paterson*, 2019 WL 277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)). "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."

*Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (citing *Pietrangelo v. NUI Corp.*, 2005 WL 1703200 (D.N.J. July 20, 2005)).

Here, Count Two of Plaintiff's Complaint falters on multiple fronts. First, this Count employs improper "group pleading," which fails to "place Defendants on notice of the claims against each of them." *Baldeo*, 2019 WL 27760, at *4 (citation omitted). Rather than specifically and coherently pleading allegations about each Defendant's offenses, the Complaint only *occasionally* specifies the offenses of certain Defendants—in particular the Officer Defendants, but more often groups Defendants together as a homogenous mass of wrongdoers and makes general allegations against the mass. That type of pleading does not comport with the requirements of Rule 8(a) and makes it difficult for this Court to discern proper allegations against Orange.

Next, even were group pleading not an issue, the Complaint fails to allege facts sufficient to establish that Orange committed conduct "while acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder*, 653 F.3d at 319. Furthermore, Plaintiff does not plead "allegations of personal direction or actual knowledge and acquiescence" pertaining to Orange, as is required in a civil rights action. *See Rode*, 845 F.2d at 1207. Plaintiff's conclusory statements about officials ignoring notice, (D.E. 47, Count Two, ¶ 4h), improperly training and supervising officers, (*id.* at Count Two, ¶ 6), and discriminating against foreigners, (*id.* at Count Two, ¶¶ 9, 10, 10a), do not approach a level of specificity and particularization required to adequately plead violations under § 1983.

This Court has afforded Plaintiff the opportunity to amend the Complaint, (*See* D.E. 47), yet, amendment has been unproductive in relation to Defendant Orange. "A proposed amendment to a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief

could be granted." *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 465 (3d Cir. 2021). In light of Plaintiff's failure to adequately plead sufficient allegations and facts that demonstrate that Defendant Orange committed constitutional and § 1983 violations, this Court recognizes that further attempts at amendment would be futile. Count Two, therefore, is dismissed with prejudice as to this Defendant.

  b. *Count Three*

In accord with the shotgun pleading and group pleading format of the Complaint, the heading for Count Three specifies that the Count pertains to "Assault, Battery, False Imprisonment," but the body of the Count also appears to include allegations that some or all Defendants provided negligent supervision or training.[7] (*See* D.E. 47 at Count Three, ¶¶ 6–10b.) Regarding the assault, battery, and false imprisonment allegations, "a person is subject to liability for the common law tort of assault if: '(a) he [or she] acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.'" *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1117 (N.J. 2009) (quoting *Wigginton v. Servidio*, 734 A.2d 798, 806 (N.J. Super. Ct. App. Div. 1999)). "The tort of battery rests upon a nonconsensual touching." *Id.* (citing *Perna v. Pirozzi*, 457 A.2d 431, 438 (N.J. 1983)). Under New Jersey law, the elements of false imprisonment are: "(1) an arrest or detention of the person against his or her will and (2) lack of proper legal authority or legal justification." *Shelley v. Linden High Sch.*, No. 19-20907, 2020 WL 6391191, at *4 (D.N.J. Nov. 2, 2020) (quoting *Leang*, 969 A.2d at 1117)). "The gist of false imprisonment is merely unlawful detention without more." *Earl v.*

---

[7] The Complaint does not delineate between Defendants regarding various allegations contained in each count, making it difficult to discern which allegations pertain to which Defendants. *See supra* n.1.

*Winne*, 101 A.2d 535, 539 (N.J. 1954) (quoting *Lakutis v. Greenwood*, 86 A.2d 23, 25 (N.J. 1952); 1 ADDISON ON TORTS (6th ed.)).  Here, Plaintiff has not indicated or pleaded specific facts that suggest that Orange was involved in the alleged assault, battery, or false imprisonment of Plaintiff, but rather focuses on Defendant Officers' actions.  (*See* D.E. 47 at Count Three, ¶¶ 1–10b.)

Turning to Plaintiff's other allegations within Count Three, New Jersey courts recognize the related torts of negligent supervision and negligent training, and plaintiffs may assert claims against employers for acts that employees commit outside the scope of their employment.  *See Hoag v. Brown*, 935 A.2d 1218, 1230–31 (N.J. Super. Ct. App. Div. Nov. 27, 2007).  When an employee commits an intentional tort outside the scope of employment, an employer may be liable only when "it knew or had reason to know of the particular unfitness, incompetence[,] or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons."  *DiCosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982); *see also Hottenstein v. City of Sea Isle City*, 977 F. Supp. 2d 353, 369–70 (N.J.D. 2013) (applying the two-element test from *DiCosala*).  To prevail on a negligent training claim, a plaintiff must demonstrate that "(1) the defendant owed a duty of care to the plaintiff to properly train its employees, (2) defendant breached that duty of care, (3) defendants breach was the proximate cause of plaintiff's injury, and (4) defendant's breach caused actual damages to plaintiff." *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 768 (N.J.D. Feb. 8, 2016) (quoting *Brijall v. Harrah's Atl. City*, 905 F. Supp. 2d 617, 621 (D.N.J. 2012)).

Here, Plaintiff contends that "Defendant Orange Police have [sic] a custom and policy of targeting 'foreigners[,]' assaulting them, falsely arresting them, and violating their constitutional rights"; the "City and managing and supervising Defendants" have "done nothing"; and

"Defendant City and its managerial supervisory personnel have a custom of permissive non-discipline and non-investigation to correct [D]efendant Banks['] behavior in particular." Plaintiff's allegations, however, are not connected to any facts that support the blanket assertions, and do not specify how and in what way Orange "knew or had reason to know of the particular unfitness, incompetence[,] or dangerous attributes" of the Officer Defendants, and that Orange "could reasonably have foreseen that such qualities created a risk of harm to other persons." *See DiCosala*, 450 A.2d at 516. The allegations similarly fail to establish that Orange owed a duty of care to Plaintiff, breached that duty, the breach was the proximate cause of injury to Plaintiff, and the breach caused damages to Plaintiff. *See Panarello*, 160 F. Supp. 3d at 768 (citation omitted).

Count Three of the Complaint fails to provide sufficient, particularized allegations and facts that rise above mere speculation, *see Twombly*, 550 U.S. at 555, to demonstrate the various elements of assault, battery, false imprisonment, negligent supervision, or negligent training in reference to Defendant Orange. Count Three of the Complaint instead contains conclusory, generalized statements and broad allegations. *See Iqbal*, 556 U.S. at 678. This Court recognizes that further attempts at amendment would be futile because Plaintiff has had an opportunity to amend the Complaint, (*see* D.E. 47), but still has not pleaded facts that support the allegations in Count Three—and instead merely provides speculative, broad assertions. *See Klotz*, 991 F.3d at 465. Therefore, this Court dismisses Count Three with prejudice as to this Defendant.

    c. *Count Four*

As discussed in this Court's previous opinion, (*see* D.E. 36 at 14), Plaintiff's claims under provisions of the New Jersey Law Against Discrimination ("NJLAD") have been dismissed. The NJLAD is limited to prohibiting discrimination in the workplace, union

12

activities, housing, public accommodations, lending, or the purchase or sale of goods or services. N.J.S.A. 10:5-12.[8] None of the allegations and facts pleaded in the prior Complaint or in this Complaint involve activities covered by the NJLAD. For the reasons specified in this Court's previous Opinion, Count Four has been dismissed as to all parties, and remains so dismissed.

    d.  *Count Five*

Plaintiff alleges in the Complaint that Defendant Orange "violated Plaintiff's substantive due process, [c]onstitutional[,] and statutory rights" under the New Jersey Civil Rights Act. *See* N.J.S.A. 10:6-2(c).[9] The statute provides:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. The penalty provided in subsection e. of this section shall be applicable to a violation of this subsection.

*Id.* "Civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act." *Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013). Because "the [NJCRA] is interpreted analogously to . . . § 1983," this Court's § 1983 analysis controls Plaintiff's NJCRA and New Jersey constitutional claims as well. *Id.; see*

---

[8] As elucidated in this Court's previous opinion, Plaintiff's reliance on *Ptaszynski v. Ehiri*, 853 A.2d 288 (N.J. Super. Ct. App. Div. 2004) is misplaced. *Ptaszynski* addressed the question of whether a police station (and its officers) qualifies as a place of public accommodation under the NJLAD where plaintiffs requested police intervention at their home by calling 911 and were subsequently transported to the police station. *Id.* at 295–97. Here, Plaintiff did not ask the police to come to the home and did not seek the use of a public accommodation. Rather, as Plaintiff vehemently pleads, she objected to the officers' presence on her property.

[9] Plaintiff incorrectly cited this provision as N.J.S.A. 10:6-2(c)(1). The statute does not contain a subsection (1).

13

also *O'Toole*, 2017 WL 132840, at *5; *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after [] § 1983").

In Count Five, Plaintiff alleges that Defendants' "actions done under color of State [l]aw violated Plaintiff's substantive due process, [c]onstitutional[,] and [s]tatutory rights," violated "N.J. Court Rules," and "were coercive with intended consequences that were to restrain Plaintiff in her loudly objecting about the police [sic] aforementioned actions." (D.E. 47, Count Five, ¶¶ 2–3.) As this Court discussed in the preceding analysis of Plaintiff's § 1983 claim, Plaintiff has neither alleged facts sufficient to establish that Orange committed conduct "while acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States," *Schneyder*, 653 F.3d at 319, nor pleaded "allegations of personal direction or actual knowledge and acquiescence" pertaining to Defendant Orange, as is required in a civil rights action. *See Rode*, 845 F.2d at 1207. Plaintiff's conclusory statements about Defendants violating due process and other rights, (D.E. 47, Count Five, ¶ 2), violating New Jersey Court Rules, (*id.*), and being coercive, (*id.* at Count Five, ¶ 3), do not approach a level of specificity and particularization required to adequately plead violations under the NJCRA. Because Plaintiff has been given an opportunity to amend the Complaint, (*see* D.E. 47), but has failed to adequately plead sufficient allegations and facts that demonstrate that Defendant Orange committed constitutional and NJCRA violations, this Court recognizes that further attempts at amendment would be futile. *See Klotz*, 991 F.3d at 465. Therefore, Count Five is dismissed with prejudice as to this Defendant.

In sum, although this Court "accept[s] all factual allegations as true" and "construe[s] the [C]omplaint in the light most favorable to the plaintiff," a "reasonable reading of the Complaint" reflects that Plaintiff is not entitled to relief from Orange. *See Phillips*, 515 F.3d at 231. Plaintiff

14

simply does not allege specific, coherent, cognizable claims and facts in support of the claims in any of the Counts in relation to Orange, thus all Counts are dismissed with prejudice as to this Defendant.

### C. Officer Defendants' Motion to Strike

Defendants Banks, Hall, and Rogers[10] ("Officer Defendants") move to strike irrelevant portions of Plaintiff's Complaint due to redundancy, immateriality, or impropriety.[11] (*See generally* D.E. 51-1, 55.) In accordance with Rule 12(f)(1) and (2), which gives this Court discretion to strike portions of a complaint, Paragraphs 8, 9, 10, 11, and 12 of Count Two and Paragraphs 2, 10a and 10b of Count Three shall be stricken as immaterial and improper. (D.E. 47 at Count Two, Count Three.)

### D. Officer Defendants' Motions to Dismiss

The Officer Defendants move to dismiss certain portions of Plaintiff's Complaint that were already dismissed in this Court's previous Opinion, (D.E. 36), but which Plaintiff has reiterated in the Second Amended Complaint, (D.E. 47). Defendants Hall and Rogers assert that Plaintiff's Amended Complaint improperly contains various provisions that were stricken or dismissed in this Court's previous Opinion, including "claims for invasion of privacy, public

---

[10] Counsel for Defendants Hall and Rogers is reminded to submit a *full* brief—not a letter brief—for any subsequent motions filed with this Court. *See* L.Civ.R. 7.2 (b)–(d).

[11] Plaintiff submitted two opposition briefs in response to Officer Banks' Motion: D.E. 58 (filed on Dec. 4, 2021) and D.E. 78 (filed on April 4, 2022). In the cover letter to the brief at D.E. 78, Counsel alleged that the "document was found in the secretary's computer today by [Counsel's] present and part-time staff." (D.E. 78 at 1.) Counsel further explained that "[a]pparently it was never uploaded by the secretary at the time. MY BAD!" (*Id.*) This Court did not consider this later submission because Counsel had already submitted an opposition brief, and because the additional brief was submitted long past the time for consideration. *See* L.Civ.R. 7.1(d)(2). Of note, Counsel's employment of the informal, colloquial phrase "my bad" in a letter to this Court is inappropriate. Such employment approaches discourtesy to this Court. Counsel is hereby cautioned to use respectful and courteous discourse in all documents filed henceforth.

accommodation, trespass, equal protection, due process, free speech/first amendment, freedom of movement and association, and ability to redress grievances," as well as claims related to New Jersey's criminal code in Count Three, all claims in Count Four, and duplicative claims in Count Five. (D.E. 55-2 at 1–4.) Defendants Hall and Rogers also seek to dismiss the false imprisonment claim, and request that this Court dismiss Counts Four and Five entirely and allow only Plaintiff's NJCRA and § 1983 excessive force claims to remain. (D.E. 55-2 at 1–5.) Defendant Banks points out that in this Court's previous opinion, "all of the constitutional violations alleged in Count Two and Count Five of the Amended Complaint were dismissed with the exception of Plaintiff's excessive force claim," and that this "Court dismissed Count Four . . . in its entirety." (D.E. 51-1 at 4.)

As discussed earlier in this Opinion, the elements of false imprisonment are: "(1) an arrest or detention of the person against his or her will and (2) lack of proper legal authority or legal justification." *Shelley*, 2020 WL 6391191, at *4 (quoting *Leang*, 969 A.2d at 1117)). "The gist of false imprisonment is merely unlawful detention without more." *Earl*, 101 A.2d at 539 (quoting *Lakutis*, 86 A.2d at 25; 1 ADDISON ON TORTS (6th ed.)). Here, Plaintiff alleges that the Officer Defendants pushed her to the ground, pepper sprayed her multiple times, blocked the street, and took her keys without justification. (D.E. 47 at 7 ¶ 3; 9 ¶ 11, 12; 10 ¶ 14; 11 ¶ 19; 17 ¶ 38, 40.) Defendants Hall and Rogers argue that the amount of time Plaintiff was on the ground was *de minimus*, thus it "does not rise to the level of a false arrest." (D.E. 55-2 at 4–5.) That argument does not achieve its end. Counsel seeks to have this Court determine the length of time Plaintiff was detained and deem it insufficient. (*See* D.E. 55-2 at 4–5.) This Court, however, cannot properly evaluate the amount of time Plaintiff may have been detained at this stage of the litigation; that determination may become apparent during discovery, or it may be a fact that a

jury must address. Either way, Plaintiff has pleaded facts that support her allegation that she was detained for *some* amount of time, and that—however long it was—the detention may have been unlawful. *See Earl*, 101 A.2d at 539 (citation omitted). Because Plaintiff has sufficiently pleaded allegations and facts that may support a claim of unjustified, unlawful detention against her will, Defendants Hall and Rogers' Motion to Dismiss the false imprisonment claim is denied.

To summarize, Count Four has been dismissed in its entirety as to all Defendants. The only claims that remained after this Court's previous Opinion and Order, (D.E. 36, 37), were the excessive force/seizure constitutional claims (Counts Two and Five),[12] and the assault, battery, false imprisonment claims (Count Three). These claims have been adequately pleaded in Plaintiff's Complaint, (D.E. 47), and remain in relation to the Defendant Officers.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Cross-Motion for Reconsideration is DENIED. Defendants' motions are GRANTED in part and DENIED in part. An appropriate order follows.

   /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Edward S. Kiel, U.S.M.J.
              Parties

---

[12] These claims are brought under § 1983 (Count Two) and the NJCRA (Count Five) for alleged violations of Plaintiff's Fourth Amendment rights that protect against excessive force and unreasonable seizure. (*See* D.E. 47 at Count Two, Count Five.)